**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

NEWPOINT HEALTHCARE
ADVISORS, LLC, an Arizona LLC,

                                        Case No.

    Plaintiff,                           Hon.

DICKINSON COUNTY HEALTHCARE
SYSTEM, a Michigan municipal non-profit
health facility corporation,

    Defendant.

---

Mark L. Kowalsky (P35573)
Paige M. Szymanski (P81746)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
mkowalsky@jaffelaw.com
pszymanski@jaffelaw.com
*Attorneys for Plaintiff*

---

**COMPLAINT**

      Plaintiff, Newpoint Healthcare Advisors, LLC ("Newpoint"), through its attorneys, Jaffe

Raitt Heuer & Weiss P.C., states this Complaint against Dickinson County Healthcare System

("DCHS") as follows:

**INTRODUCTION**

      1.      Newpoint provided various consulting services to DCHS pursuant to an agreement

that contained a requirement for the payment of success fees.  DCHS' obligation to pay the success

fees was later reaffirmed in an amendment to that agreement.

      2.      Despite Newpoint's provision of services, DCHS' acknowledgment of its

obligation and the requirements in the agreements, DCHS has failed to pay the amount owed.

3.      Accordingly, Newpoint seeks entry of a judgment in its favor against Defendant in an amount that exceeds $275,000 representing the amount owed plus costs and attorney's fees.

## PARTIES, JURISDICTION AND VENUE

4.      Newpoint is an Arizona LLC, which is incorporated in and has its principal place of business in Arizona. The sole member of the LLC is Counterpoint Capital, Inc., which is incorporated in and has its principal place of business in Arizona.

5.      Dickinson County Healthcare System is a Michigan municipal non-profit health facility corporation with its principal place of business in Iron Mountain, Dickinson County, Michigan.

6.      This Court has jurisdiction over this dispute by virtue of diversity of citizenship, 28 U.S.C. §1332.  Defendant is a citizen of Michigan and, as described above, Plaintiff is a citizen of Arizona. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7.      Venue is proper both because a transaction or occurrence out of which the cause of action arose took place in this district and Defendant resides in this district.

## FACTUAL BACKGROUND

8.      DCHS is a hospital system located in Iron Mountain, Michigan.

9.      Newpoint is a consulting firm that specializes in assisting healthcare facilities with various issues such as affiliation strategy, restructuring and reimbursement disputes.

10.     In or about June 2014, DCHS engaged Newpoint to guide DCHS in various matters including advice on appropriate affiliations to enhance DCHS' value to its community.

11.     Newpoint began its consulting relationship with DCHS in 2014, providing support on a number of topics including an affiliation strategy, pension and capital restructuring,

2

reimbursement, federal regulations, and general consulting on issues which included substantial efforts with respect to assisting with DCHS' affiliation efforts.

12.     The terms and conditions governing the parties' agreement is reflected in an engagement letter dated June 4, 2014 ("Engagement Letter"). (**Exhibit 1**). The Engagement Letter provides for payment of a $275,000 success fee if DCHS agrees to become affiliated ("Affiliation") during the course of the Engagement Letter ("Success Fee"). DCHS also paid Newpoint a monthly fee which is not at issue in this litigation.

13.     With Newpoint's guidance, DCHS entered into a Clinically Integrated Network ("CIN") Affiliation with Bellin Health Partners ("BHP"), itself an affiliate of Bellin Health Systems.

14.     DCHS acknowledged that its CIN agreement with BHP met the Affiliation definition under the Engagement Letter, thereby entitling Newpoint to a Success Fee payment of $275,000 ("Success Fee No. 1"). (See Amendment to the Engagement Letter dated April 20, 2018, ("Amendment.")). (**Exhibit 2**).

15.     However, DCHS requested that as a result of its ongoing financial challenges, that Newpoint not immediately demand payment of the Success Fee No. 1, and the parties confirmed this in a Non-Waiver Memorandum dated September 8, 2016. (**Exhibit 3**).

16.     Newpoint issued DCHS an invoice dated February 28, 2018 for payment of the Success Fee No 1. (**Exhibit 4**).

17.     DCHS also entered into an Asset Purchase Agreement with Bellin Health Systems in November 2017, for Bellin to substantially acquire all of the assets of DCHS. DCHS later acknowledged in the Amendment that the Bellin acquisition was a separate and independent

Affiliation obligating DCHS to pay an additional Success Fee of $275,000 under certain stated conditions ("Success Fee No. 2").

18.     Even though Newpoint was owed both the Success Fee No. 1 and Success Fee No. 2 (totaling $550,000), it agreed to waive the Success Fee No. 2 once earned contingent upon receipt of Success Fee No.1 no later than April 24, 2018. (See Amendment, **Exhibit 2**)

19.     DCHS failed to pay the $275,000 Success Fee No. 1 by the April 24, 2018 deadline, with the amount still not paid.

20.     Newpoint, and later its counsel, sent written notices to DCHS demanding payment of the amounts due.  Unfortunately, DCHS has failed to respond to any of these demands.

21.     DCHS failed to meet its obligations to Newpoint and thus owes Newpoint $275,000, plus fees and costs.

## <u>COUNT I - BREACH OF CONTACT</u>

22.     Newpoint incorporates the allegations set forth in paragraphs 1-21 as if fully restated here.

23.     Newpoint and DCHS are parties to the Engagement Letter and the Amendment, which are binding, valid and enforceable contracts.

24.     Newpoint has performed all of its obligations under the contracts.

25.     DCHS has breached its obligations under the contracts by, in part, failing to pay when required.

26.     Newpoint has demanded that DCHS comply with the terms of the contracts, but DCHS has failed and refused to do so.

27.     Newpoint has been damaged by DCHS' breaches of the contracts in the amount of $275,000.

4884-6457-3193

WHEREFORE, Newpoint respectfully requests that this Court enter a judgment in its favor and against DCHS, in an amount that exceeds $275,000, plus fees, costs and attorney's fees that have accrued plus all other relief which is just and appropriate under the circumstances.

### COUNT II - QUANTUM MERUIT AND UNJUST ENRICHMENT

29.     Newpoint incorporates the allegations set forth in paragraphs 1-28 as if fully restated here.

30.     In the alternative, if no contract is found to exist, DCHS is liable to Newpoint for unjust enrichment and quantum meruit.

31.     DCHS has been unjustly enriched when it received the services from Newpoint.

32.     DCHS never fully compensated Newpoint for the services provided.

33.     The retention of such benefits would result in inequity to Newpoint.

34.     As a direct and proximate result of DCHS' wrongful conduct, Newpoint has been damaged and is entitled to be compensated for the value of its services, $275,000.

WHEREFORE, Newpoint respectfully requests that this Court enter a judgment in its favor and against DCHS, in an amount that exceeds $275,000, plus fees, costs and attorney's fees that have accrued plus all other relief which is just and appropriate under the circumstances.

### COUNT III – ACCOUNT STATED

35.     Newpoint incorporates the allegations set forth in paragraphs 1-34 as if fully restated here.

36.     The Engagement Letter explicitly required DCHS to pay Success Fee upon being billed. (**Exhibit 1**).

37.     DCHS was billed for the amounts past due. (**Exhibit 4**).

38.     The balance owed by DCHS to Newpoint under the Engagement Letter has been stated.

5

4884-6457-3193

39.     Pursuant to the terms of the Engagement Letter, DCHS owes Newpoint for unpaid invoices totaling $275,000 (A copy of an affidavit verifying the balance due on the account is attached as **Exhibit 5**).

40.     This amount is due over and above all legal counterclaims without objection.

WHEREFORE, Newpoint respectfully requests that this Court enter a Judgment in favor of Newpoint and against DCHS in the amount of $275,000 plus costs and attorneys' fees in bringing this lawsuit and any other relief this Court deems just and proper.

Respectfully submitted,

**JAFFE, RAITT, HEUER & WEISS, P.C.**

/s/ Mark L. Kowalsky
Mark L. Kowalsky (P35573)
Paige M. Szymanski (P81746)
*Attorneys for Plaintiff*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248.351.3000
Dated: February 3, 2022        mkowalsky@jaffelaw.com
pszymanski@jaffelaw.com

4884-6457-3193